■ HERMAN CANTOR, Appellant, v MARC LEVINE, Respondent.—In an action for an injunction and to recover damages based, *inter alia,* on defendant's misappropriation of plaintiff's patient lists and solicitation therefrom for his own use and benefit, plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated February 7, 1984, as denied that branch of his motion which was to ·dismiss, as time barred, defendant's counterclaim to recover damages for libel, and (2) so much of an order of the same court, dated May 10, 1984, as, upon reargument, adhered to the previous determination.

Appeal from the order dated February 7, 1984 dismissed, without costs or disbursements. That portion of the order appealed from was superseded by the order dated May 10, 1984, made upon reargument.

Order dated May 10, 1984 affirmed, insofar as appealed from, without costs or disbursements.

When knowledge of facts is necessary for a party to properly oppose a motion to dismiss, and those facts are within the sole knowledge or possession of the movant, discovery is sanctioned if it has been demonstrated that such facts may exist (CPLR 3211 [d]; *Cosmos Mason Supplies v Lido Beach Assoc.,* 95 AD2d 818). In this case, defendant contended that he did not know the date or dates on which each of the publications of the defamatory letter in question or its contents was mailed and/or made. This information was solely within the plaintiff's knowledge. Therefore, Special Term properly gave defendant the benefit of the doubt by denying the motion to dismiss and affording defendant the opportunity to obtain the dates of publication through disclosure. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.