■ BARBARA NICE, Appellant, v COMBUSTION ENGINEERING, INC., Formerly Known as CE—PROCESS AUTOMATION BUSINESS, Formerly Known as TAYLOR INSTRUMENTS, a Division of A.B.B.

(ASEA, BROWN, BOVERI), Respondent. [599 NYS2d 205] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action against her former employer seeking to recover damages for alleged wrongful and bad faith demotion from exempt to non-exempt status, which allegedly deprived her of certain disability retirement benefits. Plaintiff's complaint sets forth causes of action for (1) fraudulent demotion, (2) breach of employment contract, and (3) duress, undue influence and breach of defendant's duty of good faith. The court granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that the complaint fails to state a cause of action.

Supreme Court properly dismissed plaintiff's cause of action for fraud. The complaint fails to state a legally sufficient cause of action for fraud because the only fraud alleged relates to the breach of the employment contract *(Garwood v Sheen & Shine,* 175 AD2d 569, 570, *lv denied* 78 NY2d 864; *Dalton v Union Bank,* 134 AD2d 174, 176; *Wegman v Dairylea Coop.,* 50 AD2d 108, 113, *lv dismissed* 38 NY2d 918).

Supreme Court also properly dismissed plaintiff's cause of action for duress, undue influence and breach of a duty of good faith. There is no substantive cause of action for duress and undue influence. "Duress" is a defense to a breach of contract action and "undue influence" is a ground for invalidating a will. There is no implied covenant of good faith in employment contracts *(see, Sabetay v Sterling Drug,* 69 NY2d 329, 335).

Supreme Court improperly granted defendant's motion to dismiss plaintiff's cause of action for breach of contract. Unless an employment is for a specified period, it is presumed to be an employment at will, which may be freely terminated at any time and for any reason or even for no reason *(see, O'Connor v Eastman Kodak Co.,* 65 NY2d 724, 725; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300; *Collins v Hoselton Datsun,* 120 AD2d 952). "[A]bsent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired" *(Murphy v American Home Prods. Corp., supra,* at 305). However, on an appropriate evidentiary showing, a limitation on the employer's right to terminate an employment of indefinite duration might be imported from an express provision therefor found in the employer's handbook

on personnel policies and procedures. In opposition to defendant's motion to dismiss, plaintiff submitted an affidavit in which she alleges the existence of an employee handbook that required that an employee be given several oral warnings before a demotion or termination and that also required a written statement of the grounds for complaint against an employee in a performance review, which review was to be acknowledged by the employee. It appears from the affidavits submitted in opposition to the motion that facts necessary for the plaintiff to oppose the motion properly are within the sole knowledge or possession of the movant. On this record, plaintiff has demonstrated that such facts may exist and that discovery is necessary for a full disclosure *(see,* CPLR 3211 [d]; *Cantor v Levine,* 115 AD2d 453, 454; *Cosmos Mason Supplies v Lido Beach Assocs.,* 95 AD2d 818). Thus, Supreme Court should have denied the motion to dismiss plaintiff's cause of action for breach of contract and afforded plaintiff the opportunity to obtain the alleged employee handbook through pretrial disclosure *(see, Cosmos Mason Supplies v Lido Beach Assocs., supra).* (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Dismiss Complaint.) Present—Callahan, J. P., Lawton, Fallon, Doerr and Boehm, JJ.