■ KATHLEEN CHARLTON et al., Respondents, v UNITED STATES FIRE INSURANCE COMPANY, Appellant. [636 NYS2d 335] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about April 12, 1995, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion to dismiss the first, second and fourth affirmative defenses, unanimously affirmed, with costs.

It is undisputed that plaintiffs duly submitted two separate proofs of loss when requested to do so by defendant insurer, utilizing the forms forwarded to them by defendant. It was not until some 20 months after the loss that defendant belatedly decided that those forms were inadequate and that the insureds should complete additional forms. The IAS Court appropriately determined that nothing in either the Insurance Law or the policy herein required the insureds to file more than one proof of loss. Since plaintiffs provided timely proof of loss, *Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.* (63 NY2d 201), relied upon by defendant, is clearly distinguishable.

Defendant's contention that it is entitled to summary judgment on the ground that plaintiffs did not turn over the books

and records sought by the insurer in the course of its investigation of the claim is improperly raised for the first time on appeal. Defendant's final argument that two of the plaintiffs are precluded from maintaining this action was neither pleaded as a defense in its answer nor the basis of a pre-answer motion to dismiss so that the claim has been waived (CPLR 3018 [b]; 3211 [c]; *see, Matter of Fossella v Dinkins*, 66 NY2d 162, 167-168). Were we to reach the merits of these last two arguments, we would find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Williams, JJ.