[649 NYS2d 588]

In the Matter of KIMBERLY S. M., an Infant, by Her Parents and Legal Guardians, MARIANN D. M. et al., Appellant, v BRADFORD CENTRAL SCHOOL, Respondent. (Appeal No. 1.)

Fourth Department, November 8, 1996

### APPEARANCES OF COUNSEL

*Kevin P. Bradley,* Durham, North Carolina, for appellants.

*Sayles, Evans, Brayton, Palmer & Tifft,* Elmira *(Donna M. Hutchison* of counsel), for respondent.

### OPINION OF THE COURT

BALIO, J.

Kimberly S. M. resides with her parents and older brother in Bradford, New York, and attends the Bradford Central School. Since the age of two, Kimberly has spent school and summer vacations with her brother at the home of their great aunt and uncle in New Jersey. In 1988, when Kimberly reached eight years of age, she and her brother began spending portions of those vacation periods at the home of their aunt and uncle, Ray and Paula Z., in Pennsylvania, and in 1990, in New Jersey. In May 1992 Kimberly told two of her girlfriends that she had been sexually abused by her Uncle Ray when staying at his home during 1988 and 1990. Encouraged by her girlfriends to tell an adult about the abuse, Kimberly decided to tell her sixth grade Social Studies teacher because she felt she could trust her. The girlfriends interrupted the teacher's class and

asked the teacher to speak with Kimberly in the hallway. Kimberly, who was crying uncontrollably, and her friends then told the teacher that Kimberly had been touched and rubbed by her uncle in places where she should not be touched. The teacher told Kimberly there was nothing she could do because the uncle was in New Jersey but that, if it happened again, Kimberly should let her know. Kimberly pleaded with her teacher not to tell her mother, who also taught at the school.[1] The teacher made no report of the abuse, and Kimberly continued to visit her aunt and uncle in New Jersey. A year later, Kimberly told a school guidance counselor about the sexual conduct of her uncle. The guidance counselor told Kimberly's mother and a report was filed.

Plaintiffs, Kimberly's parents, commenced this action pursuant to Social Services Law § 420 (2), seeking to recover damages for the psychological and emotional trauma Kimberly allegedly suffered between May 1993 and May 1994 as the result of the teacher's failure to report a suspected case of child sexual abuse (see, Social Services Law §§ 413, 415). Defendant moved for summary judgment, contending that the teacher had no common-law duty to report the incident, nor did she breach the statutory duty to report the incident because Kimberly's uncle was not a "person legally responsible" for the care and treatment of the child within the meaning of Family Court Act § 1012 (g). Supreme Court agreed with defendant's contentions and dismissed the complaint.

## The Common-Law Duty to Report

■ "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49). The duty owed by a school to its students "stems from the fact of its physical custody over them * * * [and is] coextensive with and concomitant to its physical custody of and control over the child" (Pratt v Robinson, 39 NY2d 554, 560). Although a school district has a special relationship with its students, "[t]his special duty owed to students requires a school to act when a

---

1. The teacher disputes Kimberly's version of the facts. According to the teacher, Kimberly and her friends never talked about any improper touching; the children merely said that the uncle had kissed, hugged and touched Kimberly and made her feel uncomfortable. Because this is a summary judgment motion, we are required to view the facts in the light most favorable to plaintiffs (see, Robinson v Strong Mem. Hosp. [appeal No. 1], 98 AD2d 976).

child, *while in its charge*, is threatened by the negligence of a third party, and it must make reasonable efforts to anticipate such threats" (*Pratt v Robinson, supra*, at 560).

In the instant case, the reported acts of sexual abuse did not occur while Kimberly was in the custody and control of school officials and the threatened harm posed to her by continued acts of a third party did not involve foreseeable conduct that could occur while the child was in the custody and control of school officials. The reported acts of sexual abuse, which occurred in another State during school vacations, were well beyond the supervisory responsibility of the school. Thus, the court properly determined that the teacher owed no common-law duty to report the suspected case of child sexual abuse to anyone (*cf., Marquay v Eno*, 139 NH 708, 717-718, 662 A2d 272, 279-280; *Ham v Hospital of Morristown*, 917 F Supp 531 [ED Tenn]).

## The Statutory Duty to Report

■ The duty of school officials, including teachers, to report cases of suspected child sexual abuse is now mandated by statute in New York. School officials are required "to report or cause a report to be made [to the statewide central register of child abuse and maltreatment or, where appropriate, to a local child protective service] when they have reasonable cause to suspect that a child coming before them in their professional or official capacity is an abused or maltreated child" (Social Services Law § 413 [1]; *see also,* Social Services Law § 415). Civil liability for a willful failure to report cases of suspected abuse is imposed by Social Services Law § 420 (2).

The court nevertheless concluded that civil liability could not be imposed in this case because Kimberly was not an "abused child" within the meaning of sections 412 and 413 of the Social Services Law and section 1012 (e) of the Family Court Act. The court determined that section 1012 (e) requires that the child be abused by a parent or other person "legally responsible", and concluded that, because the child was not continuously or regularly in the same household as the uncle, he was not a "person legally responsible", and Kimberly's teacher therefore had no duty to report the incident of sexual abuse. We disagree.

The court erroneously determined that the sole abusers under section 1012 are parents and other persons legally responsible. Section 1012 (e) (iii) unambiguously states that an "abused child" is one whose parent or other person responsible

for her care "commits, *or allows to be committed*, a sex offense against such child" (emphasis added). Thus, contrary to the court's determination, the abuser could be *any* person allowed to engage in such conduct by a parent or other person responsible for the care of the child.

The court further erred in determining that a teacher, as a mandated reporter, has no duty to report if Family Court might have concluded that the uncle was not a "person legally responsible" and declined, in the exercise of its discretion, to exercise jurisdiction over the uncle under article 10 of the Family Court Act.

The court's analysis is grounded upon a narrow reading of the definition of "abused child" set forth in the reporting statute. Social Services Law § 412 (1) (a) defines an "abused child" as "a child under eighteen years of age defined as an abused child by the family court act". Section 1012 (e) (iii) of the Family Court Act defines an "abused child" as "a child less than eighteen years of age whose parent or other person legally responsible for his care * * * commits, or allows to be committed, a sex offense against such child, as defined in the penal law". Subdivision (g) of that section provides that a "person legally responsible" "includes the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time. Custodian may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child." The court concluded that, because the uncle was not in the same household as the child at regular intervals, he could not have been a "person legally responsible", and thus, the teacher had no duty to report.

We disagree with the court's conclusion for two reasons. First, whether a teacher is required to report a suspected case of child sexual abuse is determined by the facts and circumstances known to the teacher at the time she learns of the abuse (*see, State v Hurd*, 135 Wis 2d 266, 272-273, 400 NW2d 42, 45 [interpreting the phrase, "reasonable cause to suspect", in Wisconsin statute]; *see generally*, 2 Kramer, Legal Rights of Children § 16.15, at 59-60 [2d ed]). Social Services Law § 415 requires all mandated reporters, including teachers, to make an oral report "of suspected child abuse or maltreatment" immediately and to file a written report within 48 hours. The written report must include, *inter alia*, "the names and addresses of the child and his or her parents or other person responsible for his or her care, *if known*" and "the name of the

person or persons alleged to be responsible for causing the injury, abuse or maltreatment, *if known*" (Social Services Law § 415 [emphases added]). Thus, the mandated reporter is required to report even though she may not know the identity of the "person legally responsible" or the identity of the abuser. It is not the duty of the mandated reporter to assess whether the abuser would be considered by Family Court to be a "person legally responsible" or whether a "person legally responsible" allowed the abuse to occur. If she has reasonable cause to suspect that a child has been sexually abused, the reporter must report immediately. It is the duty of the investigating agency to determine whether the report was founded.

Second, as previously noted, the court determined that the statute requires that the abuser be a "person legally responsible" and concluded that, as a matter of law, Family Court would not have found the uncle to be a "person legally responsible". The court thereby eliminated from its consideration any factual issue concerning whether, at the time she learned of the uncle's conduct, the teacher had reasonable cause to suspect that Kimberly was abused by a person responsible for her care at the relevant time or was allowed to be abused by such responsible person. That was error. Family Court Act § 1012 (g) includes three categories of "person legally responsible": custodian, guardian, or "any other person responsible for the child's care at the relevant time". It appears that the teacher knew that Kimberly visited with relatives in New Jersey or Pennsylvania on a regular basis during school holidays and vacations and that her parents were not with her on those occasions. It does not appear, however, that, at the time she learned of the incidents, the teacher knew whether Kimberly was residing in the home of her aunt and uncle or whether the uncle was responsible for her care during those regular vacation visits. Given what was known by the teacher at the time, the uncle could have been a custodian or a "person responsible for the child's care at the relevant time" (Family Ct Act § 1012 [g]; *see, Matter of Yolanda D.*, 88 NY2d 790). Thus, issues of fact render summary judgment inappropriate.

The purpose and intent of the statutory scheme is to encourage the prompt reporting of all suspected cases of child abuse (*see*, Social Services Law § 411; *see also*, Mem of Dept of Social Servs, Bill Jacket, L 1973, ch 1039). Blanketing mandated reporters with a presumption of good faith and imposing civil

liability for a breach of the mandated duty to report further encourage the prompt reporting of suspected abuse. A determination that liability for a failure to report is dependent upon whether the charges are founded or whether the child abuse petition is ultimately sustained would contravene the statutory purpose of encouraging prompt reporting, and we decline to follow that approach.[2] We conclude that a mandated reporter is obligated to report suspected cases of child sexual abuse based upon facts and circumstances within the knowledge of the reporter at the time the abuse is suspected and may be held liable for a breach of that duty even though it might ultimately be determined that the abuse was not committed or allowed to have been committed by a "person legally responsible" for the child.

Accordingly, the judgment should be reversed, defendant's motion for summary judgment denied and the complaint reinstated.

LAWTON, J. P., FALLON, CALLAHAN and DAVIS, JJ., concur.

Judgment unanimously reversed, on the law, with costs, motion denied and complaint reinstated.

2. We note that the subsequent report filed by the school guidance counselor served the statute's objectives. Although no petition apparently was filed against the uncle charging him with committing child abuse in violation of article 10 of the Family Court Act, New Jersey authorities indicted and prosecuted the uncle for sexual assault and endangering the welfare of a child, and Kimberly's parents have discontinued the vacation visits.