■ PERSEPHONE DACOSTA, Appellant, v TRADE-WINDS ENVIRONMENTAL RESTORATION, INC., et al., Respondents, et al., Defendants. [877 NYS2d 373]—

In an action, inter alia, to recover damages for injury to personal property, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated April 22, 2008, which granted the motion of the defendant Trade-Winds Environmental Restoration, Inc., and the separate motion of the defendants FBE Prince Street, LLC, Pinnacle Self Storage, doing business as City Closets, LLC, and Philrub Realty Corporation pursuant to CPLR 3211 (a) (7) to dismiss the third and tenth causes of action insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motions which were to dismiss the third cause of action, and substituting therefor a provision denying those branches of the motions; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Persephone DaCosta operated a recording studio on the third floor of a building in Brooklyn owned by the defendant Philrub Realty Corporation (hereinafter Philrub), which allegedly leased the space to the plaintiff's landlord, the defendant Pinnacle Self Storage, doing business as City Closets, LLC (hereinafter Pinnacle), a subsidiary of the defendant FBE Prince Street, LLC (hereinafter FBE). The plaintiff alleged that in February 2006 she was contacted by a representative of the defendant New York City Department of Health and Mental Hygiene

and informed of the possible presence of anthrax spores in the building. The plaintiff alleged that the defendant Trade-Winds Environmental Restoration, Inc. (hereinafter Trade-Winds), which contracted to perform the anthrax decontamination, damaged personal property in her recording studio during the decontamination procedure.

The plaintiff commenced this action, inter alia, to recover damages for injury to her personal property, alleging, among other things, negligence, gross negligence, strict liability, conversion, and trespass to chattels against, among others, Trade-Winds, and asserting vicarious liability as to Philrub Realty, Pinnacle, and FBE. The plaintiff also alleged negligent misrepresentation against all of the defendants. Trade-Winds moved pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action alleging strict liability and the tenth cause of action alleging negligent misrepresentation insofar as asserted against it and, in a separate motion, Philrub, Pinnacle, and FBE moved to dismiss the same causes of action insofar as asserted against them.

The Supreme Court properly granted those branches of the respondents' motions which were to dismiss the tenth cause of action based on negligent misrepresentation. The respondents' purported declarations that the plaintiff's property would not be harmed during the decontamination process were, at most, promises of future intent rather than misrepresentations of existing fact and are not actionable (*see New York Fruit Auction Corp. v City of New York*, 56 NY2d 1015 [1982]; *Transit Mgt., LLC v Watson Indus., Inc.*, 23 AD3d 1152 [2005]; *River Glen Assoc. v Merrill Lynch Credit Corp.*, 295 AD2d 274 [2002]; *cf. Brown v Lockwood*, 76 AD2d 721, 731 [1980]).

However, the plaintiff sufficiently alleged the third cause of action to recover damages under the theory of strict liability. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]; *Meyer v Guinta*, 262 AD2d 463, 464 [1999]). The plaintiff alleged that the decontamination process was abnormally dangerous in that it involved the use of chemicals and other toxic substances that were extremely hazardous and harmful to personal property, particularly electronic equipment like that in her recording studio. Although the plaintiff could not state the precise chemicals or toxic substances used, the Health and Safety Plan, which was attached to the complaint and which described the proposed decontamination procedure, indicated

that certain decontamination methods other than a buffered bleach solution, which were not discussed with the plaintiff, could be used. Accordingly, dismissal of the strict liability cause of action was premature (*see* CPLR 3211 [d]; *Cantor v Levine*, 115 AD2d 453, 454 [1985]). Skelos, J.P., Dillon, Covello and Leventhal, JJ., concur.