Armstrong v United Frontier Mut. Ins. Co. (2020 NY Slip Op 02013)





Armstrong v United Frontier Mut. Ins. Co.


2020 NY Slip Op 02013


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


923 CA 19-00700

[*1]VICTORIA C. ARMSTRONG, PLAINTIFF-APPELLANT,
v
UNITED FRONTIER MUTUAL INSURANCE COMPANY, DEFENDANT-RESPONDENT. 






KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFF-APPELLANT. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MARCO CERCONE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered October 1, 2018. The order granted the motion of defendant for summary judgment, dismissed the complaint and denied the cross motions of plaintiff for summary judgment and to amend her complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first cause of action and as modified the order is affirmed without costs.
Memorandum: Plaintiff owned a home insured by defendant. After the home was destroyed by two fires that occurred within 12 hours of each other, defendant denied plaintiff's claim for coverage. Plaintiff thereafter commenced this action alleging that defendant breached its contract with her by failing to pay benefits on the claim. Defendant answered, asserting several affirmative defenses including that plaintiff failed to submit a sworn proof of loss as required by the policy, that the fires were the result of arson, and that plaintiff failed to cooperate as required by the policy.
Defendant thereafter moved for summary judgment dismissing the amended complaint on the ground, inter alia, that plaintiff's failure to submit a sworn proof of loss constituted a complete defense to an action on the complaint. Plaintiff cross-moved for summary judgment on her breach of contract cause of action. She also sought, in the alternative, summary judgment striking the affirmative defenses of arson and failure to cooperate. Plaintiff subsequently filed a second cross motion in which she sought to amend her amended complaint to add causes of action for anticipatory breach of contract and waiver.
Supreme Court granted defendant's motion and denied plaintiff's cross motions, and plaintiff appeals. We conclude that the court erred in granting defendant's motion with respect to the breach of contract cause of action, and we therefore modify the order accordingly.
We note at the outset that plaintiff on appeal does not raise any issue concerning the dismissal of her second and third causes of action, and thus any challenge to that part of the order is deemed abandoned (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
With respect to the breach of contract cause of action, we conclude that defendant failed to meet its initial burden on the motion of demonstrating that it was justified in denying plaintiff's claim based on her failure to submit a sworn and notarized proof of loss statement. It is well settled that, "absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense" (Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 210 [1984]), an insured's failure to comply with an insurance policy provision requiring the submission of a proof of loss provides the insurer with an "absolute [*2]defense to [an] action on the policy" (Alexander v New York Cent. Mut., 96 AD3d 1457, 1457 [4th Dept 2012]; see Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., 76 AD2d 759, 761 [1st Dept 1980], affd 53 NY2d 835 [1981]).
Although defendant contends that plaintiff failed to submit any proof of loss form, defendant submitted evidence in support of its motion that an unsworn form was in fact submitted to defendant's attorney. Viewing the evidence in the light most favorable to plaintiff (see Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932 [2007]), we thus conclude that defendant's own submissions raise an issue of fact whether the unsworn form was submitted. The issue then becomes whether the use of a sworn form was required under the policy and Insurance Law § 3407 (a).
We note that, absent a requirement "in either the Insurance Law or the policy herein" that plaintiff submit a sworn proof of loss, no such requirement could be imposed on plaintiff by defendant's letter request for a sworn proof of loss (Charlton v United States Fire Ins. Co., 223 AD2d 404, 404 [1st Dept 1996]). Further, we agree with plaintiff that neither the insurance policy nor Insurance Law § 3407 (a) explicitly required her to submit a sworn proof of loss. Insurance Law § 3407 (a) merely requires that an insured furnish a proof of loss "as specified in [the] contract" of insurance. The policy required plaintiff to submit "an acceptable proof of loss, within 60 days after our request." The policy does not define what constitutes an acceptable proof of loss.
The term "acceptable" as used in the policy is, in our view, ambiguous inasmuch as it is "susceptible of [at least] two reasonable interpretations," and thus "the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact" (State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985]). "[I]f the tendered extrinsic evidence is itself conclusory and will not resolve the equivocality of the language of the contract, the issue remains a question of law for the court . . . [ and,] [u]nder those circumstances, the ambiguity must be resolved against the insurer which drafted the contract" (id.).
Here, defendant failed to submit sufficient extrinsic evidence to demonstrate that the term "acceptable" required plaintiff to submit a sworn proof of loss. We thus resolve the ambiguity against defendant and conclude that the policy did not require plaintiff to submit a sworn proof of loss (see id.; Lobello v New York Cent. Mut. Fire Ins. Co., 152 AD3d 1206, 1209 [4th Dept 2017]; BN Partners Assoc., LLC v Selective Way Ins. Co., 148 AD3d 1592, 1593-1594 [4th Dept 2017]; Nicastro v New York Cent. Mut. Fire Ins. Co., 148 AD3d 1737, 1738 [4th Dept 2017]).
Inasmuch as there are triable issues of fact whether plaintiff submitted any proof of loss form, however, we are compelled to address plaintiff's further contentions that any defect in her compliance with the proof of loss requirement was cured by her subsequent actions or that defendant's repudiation of the insurance policy relieved her of the contractual obligation to submit such a form. Contrary to plaintiff's contention, the failure to submit a proof of loss form could not be cured by plaintiff's subsequent testimony at an examination under oath or by her submission of a sworn inventory list (see Maleh v New York Prop. Ins. Underwriting Assn., 64 NY2d 613, 614 [1984]; Darvick v General Acc. Ins. Co., 303 AD2d 540, 541 [2d Dept 2003]).
Moreover, there is no evidence that defendant repudiated the insurance policy. "[R]epudiation of a policy exists only where a plaintiff establishes that the insurer has committed an anticipatory breach by disclaim[ing] the intention or the duty to shape its conduct in accordance with the provisions of the contract" (Seward Park Hous. Corp. v Greater N.Y. Mut. Ins. Co., 43 AD3d 23, 32 [1st Dept 2007] [internal quotation marks omitted]; see generally New York Life Ins. Co. v Viglas, 297 US 672, 676 [1936]; Wurm v Commercial Ins. Co. of Newark, N.J., 308 AD2d 324, 328 [1st Dept 2003], lv denied 3 NY3d 602 [2004]). Here, defendant did not disclaim its duty to shape its conduct in accordance with the insurance policy but, rather, investigated and denied the claim based on its belief that plaintiff had failed to comply with the policy.
Inasmuch as plaintiff's claim of repudiation or anticipatory breach lacks merit, we further conclude that the court properly denied that part of plaintiff's second cross motion that sought to add a cause of action for anticipatory breach (see Hanover Ins. Co. v Finnerty, 225 AD2d 1054, 1054 [4th Dept 1996]), even if that cross motion had been timely (see CPLR 2214 [b]).
We agree with plaintiff that, regardless of whether she submitted the proof of loss form, as she contends, there are triable issues of fact whether defendant waived or is estopped from asserting the policy provision requiring the submission of a proof of loss as a basis for denying plaintiff's claim. As a preliminary matter, we reject defendant's contention that plaintiff failed to plead facts supporting her waiver and estoppel contentions (see generally Sasse v Order of United Commercial Travelers of Am., 168 App Div 746, 754-759 [1st Dept 1915]). In the amended complaint, plaintiff alleged that defendant's agents or representatives "repeatedly represented to [her] that she did not need to do anything further for her claim," "that she had complied with the terms of the insurance policy," and that "no other action was required for her claim." We therefore conclude that plaintiff may rely on those theories even though her second cross motion was properly denied (see CPLR 2214 [b]).
With respect to the merits of the waiver and estoppel contentions, we conclude that defendant failed to establish as a matter of law that it did not waive or is not estopped from asserting plaintiff's failure to submit the form as a basis to deny the claim. "Defendant, as the party seeking summary judgment, [had the] initial burden on the motion [of] establishing that plaintiff failed to provide [the] proof of loss within the requisite time . . . and that defendant did not waive the requirement" (Finley v Erie & Niagara Ins. Assn., 162 AD3d 1644, 1645 [4th Dept 2018] [emphasis added]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Most of the evidence supporting plaintiff's allegations of waiver and estoppel appears in documents submitted by defendant. Within those documents, there is evidence that defendant's agents affirmatively represented to plaintiff that she had complied with all of the insurance policy's requirements. In our view, such allegations raise triable issues of fact whether defendant waived or should be estopped from asserting plaintiff's purported failure to provide a proof of loss as a basis for denying her claim (see e.g. Travis v Allstate Ins. Co., 280 AD2d 394, 395 [1st Dept 2001]; Gilbert Frank Corp. v Federal Ins. Co., 91 AD2d 31, 34 [1st Dept 1983]).
We therefore modify the order by denying that part of defendant's motion with respect to the breach of contract cause of action and reinstating that cause of action. Inasmuch as there are triable issues of fact whether plaintiff submitted a proof of loss form and whether defendant waived or is estopped from asserting the lack of a proof of loss form as a basis for denying the claim, however, we further conclude that the court properly denied plaintiff's first cross motion insofar as it sought summary judgment on the breach of contract cause of action.
Contrary to plaintiff's further contention, the court properly denied her first cross motion insofar as it sought summary judgment striking two affirmative defenses. With respect to the affirmative defense of noncooperation, we conclude that there are triable issues of fact whether plaintiff failed to submit truthful disclosures in her inventory statement. Plaintiff gave defendant a sworn inventory list in which she listed various items that had been damaged or destroyed and, in support of her cross motion, she submitted her deposition testimony in which she testified that the document was accurate.
Defendant, however, submitted the deposition testimony of plaintiff's roommate, who testified that some of the items on plaintiff's list either never existed or belonged to the roommate. Inasmuch as a party's " failure to make fair and truthful disclosures in reporting the [loss] constitutes a breach of the cooperation clause . . . of the insurance policy as a matter of law' " (Nationwide Mut. Ins. Co. v Posa, 56 AD3d 1143, 1144 [4th Dept 2008]; see also Government Empls. Ins. Co. v Fisher, 54 AD2d 1087, 1087 [4th Dept 1976]), we conclude that the court properly denied plaintiff's first cross motion insofar as it sought dismissal of that affirmative defense.
We also reject plaintiff's contention that the court erred in denying her first cross motion insofar as it sought to strike the affirmative defense of arson. Plaintiff failed to establish as a matter of law either that the fire was not intentionally started or that she did not participate in the arson. To the contrary, the evidence in the record establishes that both fires were intentionally set, and there are triable issues of fact whether plaintiff participated in the arson (see Morley Maples, Inc. v Dryden Mut. Ins. Co., 130 AD3d 1413, 1413-1414 [3d Dept 2015]; see generally R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co., 56 NY2d 918, 920 [1982]).
We have reviewed the parties' remaining contentions and conclude that they lack merit.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court