BL DOE 7 v Fleming (2021 NY Slip Op 06483)





BL DOE 7 v Fleming


2021 NY Slip Op 06483


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


733 CA 20-01226

[*1]BL DOE 7, PLAINTIFF-RESPONDENT,
v
EDWIN D. FLEMING, DEFENDANT, AND ROCHESTER CITY SCHOOL DISTRICT, DEFENDANT-APPELLANT. (APPEAL NO. 5.) 






ROCHESTER CITY SCHOOL DISTRICT, DEPARTMENT OF LAW, ROCHESTER (ALISON K.L. MOYER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BANSBACH LAW P.C., ROCHESTER (JOHN M. BANSBACH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Deborah A. Chimes, J.), entered August 28, 2020. The order denied the motion of defendant Rochester City School District to dismiss the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant Rochester City School District in part and dismissing the fourth and fifth causes of action against that defendant, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this personal injury action pursuant to the Child Victims Act (see CPLR 214-g) alleging that she was sexually abused during a period from 1979 to 1981 by a teacher while attending East High School in the Rochester City School District (defendant). Defendant appeals from an order that denied its pre-answer motion to dismiss the complaint against it. We note at the outset that defendant does not challenge on appeal Supreme Court's denial of that part of its motion seeking dismissal of plaintiff's first cause of action against it for negligence; therefore any challenge to that part of the order is deemed abandoned (see Armstrong v United Frontier Mut. Ins. Co., 181 AD3d 1332, 1333 [4th Dept 2020]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We agree with defendant that, for reasons stated in our decision in BL Doe 3 v The Female Academy of the Sacred Heart (— AD3d — [Nov. 19, 2021] [4th Dept 2021]), the court erred in denying that part of its motion seeking dismissal of plaintiff's fourth and fifth causes of action against it alleging violations of Title IX and 42 USC § 1983, respectively, on statute of limitations grounds (see CPLR 3211 [a] [5]; Owens v Okure, 488 US 235, 249-250 [1989]; Wilson v Garcia, 471 US 261, 273-276 [1985]). We therefore modify the order accordingly. In light of our conclusion, defendant's alternative contention that those causes of action should have been dismissed under CPLR 3211 (a) (7) is academic.
Contrary to defendant's contention, the court properly denied that part of its motion seeking dismissal against it of plaintiff's common-law failure to report cause of action pursuant to CPLR 3211 (a) (7). "It is well settled that a school owes a common-law duty to adequately supervise its students" (Stephenson v City of New York, 19 NY3d 1031, 1033 [2012]; see Matter of Kimberly S.M. v Bradford Cent. School, 226 AD2d 85, 87 [4th Dept 1996]), which requires that the school " 'exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances' " (Mirand v City of New York, 84 NY2d 44, 49 [1994]). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (id.; see also Kimberly S.M., [*2]226 AD2d at 87-88). Here, plaintiff alleges in the complaint that instances of sexual abuse by the teacher occurred on school grounds during school hours when defendant was "in a position of in loco parentis" to her (cf. Kimberly S.M., 226 AD2d at 88). Plaintiff further alleges that defendant knew or should have known that the teacher was sexually abusing minor students and defendant's failure to notify "law enforcement or another appropriate governmental agency" resulted in her injuries.
To the extent that those allegations are "bare legal conclusions without factual support" (Medical Care of W. N. Y. v Allstate Ins. Co., 175 AD3d 878, 879 [4th Dept 2019]), the court was permitted to "consider affidavits submitted by . . . plaintiff to remedy any defects in the complaint" (Leon v Martinez, 84 NY2d 83, 88 [1994]). Here, in opposition to defendant's motion, plaintiff submitted affidavits from two female former East High School students. One averred that she raised a concern with administrators at East High School about the teacher's inappropriate behavior toward her as early as 1973. The other averred that she informed the East High School principal in June 1981 that the teacher had sexually abused her on multiple occasions and the principal indicated some prior awareness of the teacher's misconduct. Further, plaintiff's attorney averred in his own affidavit that he had personally spoken to several potential witnesses, who were employees of defendant with knowledge of the teacher's inappropriate interactions with female students, including one who witnessed the teacher inappropriately touching a female student and reported the incident to the East High School administration. The court therefore properly denied that part of defendant's motion seeking dismissal of plaintiff's second cause of action against defendant under CPLR 3211 (a) (7) because plaintiff established that "facts [necessary for her to oppose the motion properly] may exist and that discovery is necessary for a full disclosure" (Nice v Combustion Eng'g, 193 AD2d 1088, 1090 [4th Dept 1993]; see CPLR 3211 [d]; Cantor v Levine, 115 AD2d 453, 454 [2d Dept 1985]).
We reject defendant's contention that plaintiff's common-law failure to report cause of action was subsumed by the statutory reporting requirements of Social Services Law article 6, title 6, for reasons stated in our decision in BL Doe 3 (— AD3d at &mdash). Finally, for the reasons stated above in connection with plaintiff's common-law failure to report cause of action, we reject defendant's contention that plaintiff's statutory failure to report cause of action should have been dismissed for failure to state a cause of action (see CPLR 3211 [a] [7]; [d]; Social Services Law § 420; Nice, 193 AD2d at 1090; Cantor, 115 AD2d at 454). The court therefore properly denied that part of defendant's motion seeking dismissal of plaintiff's third cause of action against it.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court