BL DOE 5 v Fleming (2021 NY Slip Op 06482)





BL DOE 5 v Fleming


2021 NY Slip Op 06482


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


732 CA 20-01225

[*1]BL DOE 5, PLAINTIFF-RESPONDENT,
v
EDWIN D. FLEMING, DEFENDANT, AND ROCHESTER CITY SCHOOL DISTRICT, DEFENDANT-APPELLANT. (APPEAL NO. 4.) 






ROCHESTER CITY SCHOOL DISTRICT, DEPARTMENT OF LAW, ROCHESTER (ALISON K.L. MOYER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BANSBACH LAW P.C., ROCHESTER (JOHN M. BANSBACH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Deborah A. Chimes, J.), entered August 28, 2020. The order denied the motion of defendant Rochester City School District to dismiss the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant Rochester City School District in part and dismissing the second and third causes of action against that defendant, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this personal injury action pursuant to the Child Victims Act (see CPLR 214-g) alleging that she was sexually abused during a period from 1968 to 1970 by defendant Edwin D. Fleming while attending West High School in the Rochester City School District (defendant). Defendant appeals from an order that denied its pre-answer motion to dismiss the complaint against it. We note at the outset that defendant does not challenge on appeal Supreme Court's denial of that part of its motion seeking dismissal of plaintiff's first cause of action against it for negligence; therefore any challenge to that part of the order is deemed abandoned (see Armstrong v United Frontier Mut. Ins. Co., 181 AD3d 1332, 1333 [4th Dept 2020]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We agree with defendant that, for reasons stated in our decision in BL Doe 3 v The Female Academy of the Sacred Heart (— AD3d — [Nov. 19, 2021] [4th Dept 2021]), the court erred in denying that part of its motion seeking dismissal of plaintiff's third cause of action against it alleging a violation of 42 USC § 1983 on statute of limitations grounds (see CPLR 3211 [a] [5]; Owens v Okure, 488 US 235, 249-250 [1989]; Wilson v Garcia, 471 US 261, 273-276 [1985]). We therefore modify the order accordingly. In light of our conclusion, defendant's alternative contention that this cause of action should have been dismissed under CPLR 3211 (a) (7) is academic.
We further agree with defendant that the court erred in denying that part of its motion seeking dismissal against it of plaintiff's common-law failure to report cause of action pursuant to CPLR 3211 (a) (7) (see generally Mirand v City of New York, 84 NY2d 44, 49 [1994]; Matter of Kimberly S.M. v Bradford Cent. School, 226 AD2d 85, 87-88 [4th Dept 1996]), and we further modify the order accordingly. In reviewing the pre-answer motion to dismiss pursuant to CPLR 3211, "we must 'accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (Collins v Davirro, 160 AD3d 1343, 1343 [4th Dept 2018], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "The allegations in a complaint, however, [*2]'cannot be vague and conclusory . . . , and [b]are legal conclusions will not suffice' " (Choromanskis v Chestnut Homeowners Assn., Inc., 147 AD3d 1477, 1478 [4th Dept 2017]; see Simkin v Blank, 19 NY3d 46, 52 [2012]). Further, "[i]n assessing a motion under CPLR 3211 (a) (7), . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Leon, 84 NY2d at 88; see Burton v Sciano, 110 AD3d 1435, 1436 [4th Dept 2013]).
A school's common-law duty to adequately supervise its students "derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (Mirand, 84 NY2d at 49; see also Kimberly S.M., 226 AD2d at 87-88). Here, the allegations in the complaint regarding the common-law failure to report cause of action against defendant consist of "bare legal conclusions without factual support [that] are insufficient to withstand a motion to dismiss" (Medical Care of W. N. Y. v Allstate Ins. Co., 175 AD3d 878, 879 [4th Dept 2019]). Plaintiff's common-law failure to report cause of action is based on defendant's alleged knowledge of and failure to report "Fleming's [s]exual [a]buse of [p]laintiff and other minor students." In opposition to defendant's motion, plaintiff submitted an affidavit wherein she averred that she had been sexually abused, not by Fleming, but by a different West High School teacher while off of school grounds and outside of school hours. Inasmuch as that incident took place "well beyond the supervisory responsibility of [defendant]," defendant "owed no common-law duty to report the suspected case of child sexual abuse to anyone" (Kimberly S.M., 226 AD2d at 88). The court therefore erred in denying that part of defendant's motion seeking dismissal of plaintiff's second cause of action against it.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court