BL DOE 3 v Female Academy of the Sacred Heart (2021 NY Slip Op 06480)





BL DOE 3 v Female Academy of the Sacred Heart


2021 NY Slip Op 06480


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


730 CA 20-01223

[*1]BL DOE 3, PLAINTIFF-RESPONDENT,
v
THE FEMALE ACADEMY OF THE SACRED HEART, ET AL., DEFENDANTS, AND ROCHESTER CITY SCHOOL DISTRICT, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






ROCHESTER CITY SCHOOL DISTRICT, DEPARTMENT OF LAW, ROCHESTER (ALISON K.L. MOYER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BANSBACH LAW P.C., ROCHESTER (JOHN M. BANSBACH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Deborah A. Chimes, J.), entered August 28, 2020. The order, insofar as appealed from, denied the motion of defendant Rochester City School District to dismiss the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant Rochester City School District in part and dismissing the fourth and fifth causes of action against that defendant, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this personal injury action pursuant to the Child Victims Act (see CPLR 214-g) alleging that she was sexually abused during a period from 1972 to 1973 by a teacher while attending East High School in the Rochester City School District (defendant). Defendant appeals from an order that, inter alia, denied its pre-answer motion to dismiss the complaint against it. We note at the outset that defendant does not challenge on appeal Supreme Court's denial of that part of its motion seeking dismissal of plaintiff's first cause of action against it for negligence; therefore any challenge to that part of the order is deemed abandoned (see Armstrong v United Frontier Mut. Ins. Co., 181 AD3d 1332, 1333 [4th Dept 2020]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We agree with defendant that the court erred in denying that part of its motion seeking dismissal of plaintiff's fourth and fifth causes of action against it alleging violations of Title IX and 42 USC
§ 1983, respectively, on statute of limitations grounds (see CPLR 3211 [a] [5]), and we therefore modify the order accordingly. In reviewing a pre-answer motion to dismiss pursuant to CPLR 3211, "we must 'accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (Collins v Davirro, 160 AD3d 1343, 1343 [4th Dept 2018], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Further, " '[o]n a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired' " (id. at 1343-1344).
"The federal civil rights statutes do not provide for a specific statute of limitations, establish rules regarding the tolling of the limitations period, or prescribe the effect of tolling" (Chardon v Fumero Soto, 462 US 650, 655 [1983]). Thus, "courts entertaining claims brought under 42 U.S.C. § 1983 [and Title IX] should borrow the state statute of limitations for personal [*2]injury actions" (Owens v Okure, 488 US 235, 236 [1989]; see Wilson v Garcia, 471 US 261, 275-276 [1985]; Curto v Edmundson, 392 F3d 502, 504 [2d Cir 2004], cert denied 545 US 1133 [2005]; see generally 42 USC § 1988 [a]). Where a state "has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions[,] . . . the residual or general personal injury statute of limitations applies" (Owens, 488 US at 236). Here, defendant correctly contends, and plaintiff does not dispute, that New York's three-year statute of limitations for non-specified personal injury claims applies to the federal causes of action asserted here (see CPLR 214 [5]; Owens, 488 US at 251; Curto, 392 F3d at 504).
Inasmuch as defendant met its initial burden on the motion, the burden shifted to plaintiff "to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether . . . plaintiff actually commenced the action within the applicable limitations period" (US Bank N.A. v Brown, 186 AD3d 1038, 1039 [4th Dept 2020] [internal quotation marks omitted]). Plaintiff contends that CPLR 214-g, which revives certain civil claims and causes of action for damages suffered as a result of childhood sexual abuse that would otherwise be barred by a statute of limitations, must be borrowed along with CPLR 214 (5) in determining whether her federal causes of action are timely. Plaintiff is correct that, "once a federal court borrows a state statute of limitations, it generally should also borrow the related provisions, pertaining to tolling, revival and so forth, as interpreted under state law, unless such an unmodified borrowing would be inconsistent with a strong federal policy underlying the federal cause of action" (Williams v Walsh, 558 F2d 667, 674 [2d Cir 1977] [emphasis added]; see Hardin v Straub, 490 US 536, 538-539 [1989]; Board of Regents v Tomanio, 446 US 478, 484-486 [1980]). The reason therefore is because "the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application" (Johnson v Railway Express Agency, 421 US 454, 464 [1975]).
We nonetheless conclude that CPLR 214-g is not a revival statute related to the residual personal injury statute of limitations applicable to plaintiff's section 1983 cause of action (see CPLR 214 [5]; see generally Owens, 488 US at 249-250). In so concluding, we note that section 1983 itself "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere" (City of Oklahoma City v Tuttle, 471 US 808, 816 [1985]; see Sykes v James, 13 F3d 515, 519 [2d Cir 1993], cert denied 512 US 1240 [1994]). Inasmuch as a section 1983 claim can encompass "[a] catalog of . . . constitutional claims . . . [involving] numerous and diverse topics and subtopics" (Wilson, 471 US at 273), the United States Supreme Court has concluded that practical considerations warrant "a simple, broad characterization of all [section] 1983 claims" (id. at 272) and instructed that the choice of the state statute of limitations to be applied to a section 1983 claim should not "depend upon the particular facts or the precise legal theory of each claim" (id. at 274; see Owens, 488 US at 249-250).
Here, unlike a statutory tolling provision based on infancy or incarceration (see e.g. Hardin, 490 US at 543), we cannot determine whether CPLR 214-g is a revival statute related to plaintiff's section 1983 cause of action unless we impermissibly consider "the particular facts or the precise legal theory of [plaintiff's section 1983 cause of action]" (Wilson, 471 US at 274; see Owens, 488 US at 240). We therefore conclude that plaintiff's section 1983 cause of action should have been dismissed as time barred. Further, inasmuch as courts have applied the rationale of Wilson and Owens to other federal civil rights claims, including Title IX claims (see Curto, 392 F3d at 504; see also Twersky v Yeshiva Univ., 579 Fed Appx 7, 9 [2d Cir 2014], cert denied 575 US 935 [2015]), and plaintiff offers no argument to the contrary, we conclude that plaintiff's Title IX cause of action should also have been dismissed as time-barred. In light of our conclusion, defendant's alternative contention that those causes of action should have been dismissed under CPLR 3211 (a) (7) is academic.
Contrary to defendant's contention, the court properly denied that part of its motion seeking dismissal against it of plaintiff's common-law failure to report cause of action pursuant to CPLR 3211 (a) (7). "It is well settled that a school owes a common-law duty to adequately supervise its students" (Stephenson v City of New York, 19 NY3d 1031, 1033 [2012]; see Matter of Kimberly S.M. v Bradford Cent. School, 226 AD2d 85, 87 [4th Dept 1996]), which requires that the school " 'exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances' " (Mirand v City of New York, 84 NY2d 44, 49 [1994]). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over [*3]its students, effectively takes the place of parents and guardians" (id.; see also Kimberly S.M., 226 AD2d at 87-88). Here, plaintiff alleges in the complaint that instances of sexual abuse by the teacher occurred on school grounds during school hours when defendant was "in a position of in loco parentis" to her (cf. Kimberly S.M., 226 AD2d at 88). Plaintiff further alleges that defendant knew or should have known that the teacher was sexually abusing minor students and that defendant's failure to notify "law enforcement or another appropriate governmental agency" resulted in her injuries.
To the extent that those allegations were "bare legal conclusions without factual support" (Medical Care of W. N. Y. v Allstate Ins. Co., 175 AD3d 878, 879 [4th Dept 2019]), the court was permitted to "consider affidavits submitted by . . . plaintiff to remedy any defects in the complaint" (Leon, 84 NY2d at 88). Here, in opposition to defendant's motion, plaintiff submitted her own affidavit, in which she averred that, in early 1973 while she was still a student, she raised a concern about the teacher with the dean and the principal of defendant's East High School. Further, plaintiff's attorney averred in his own affidavit that he had spoken to several potential witnesses, who were employees of defendant with knowledge of the teacher's interactions with female students, including one who witnessed the teacher inappropriately touching a female student and reported the incident to the East High School administration. The court therefore properly denied that part of defendant's motion seeking dismissal of plaintiff's second cause of action against defendant under CPLR 3211 (a) (7) because plaintiff established that "facts [necessary for her to oppose the motion properly] may exist and that discovery is necessary for a full disclosure" (Nice v Combustion Eng'g, 193 AD2d 1088, 1090 [4th Dept 1993]; see CPLR 3211 [d]; Cantor v Levine, 115 AD2d 453, 454 [2d Dept 1985]).
We reject defendant's contention that plaintiff's common-law failure to report cause of action was subsumed by the statutory reporting requirements of Social Services Law article 6, title 6. "[I]t is a general rule of statutory construction that a clear and specific legislative intent is required to override the common law" (Hechter v New York Life Ins. Co., 46 NY2d 34, 39 [1978]; see B & F Bldg. Corp. v Liebig, 76 NY2d 689, 693 [1990]; PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d 9, 11 [4th Dept 2021]). Further, "[t]he general rule is and long has been that when the common law gives a remedy, and another remedy is provided by statute, the latter is cumulative, unless made exclusive by the statute" (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 324 [1983] [internal quotation marks omitted]; see Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc., 18 NY3d 341, 350 [2011]). Here, there is nothing in the language of Social Services Law § 420 (2), which provides a private right of action against a mandated reporter who willfully fails to fulfill his or her statutory reporting obligation, that expresses a legislative intent to curb or override defendant's common-law duty to " 'exercise such care of [its students] as a parent of ordinary prudence would observe in comparable circumstances' " (Mirand, 84 NY2d at 49; see also Kimberly S.M., 226 AD2d at 87).
Finally, for the reasons stated above in connection with plaintiff's common-law failure to report cause of action, we reject defendant's contention that plaintiff's statutory failure to report cause of action against defendant should have been dismissed in its entirety for failure to state a cause of action (see CPLR 3211 [a] [7]; [d]; Social Services Law § 420; Nice, 193 AD2d at 1090; Cantor, 115 AD2d at 454). The court therefore properly denied that part of defendant's motion seeking dismissal of plaintiff's third cause of action against it.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court