Broton v County of Onondaga

2026 NY Slip Op 02581

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

SHAWN BROTON, PLAINTIFF-APPELLANT,

v

COUNTY OF ONONDAGA, WILLIAM J. FITZPATRICK, INDIVIDUALLY AND IN HIS CAPACITY AS ONONDAGA COUNTY DISTRICT ATTORNEY, ROBERT DURR, INDIVIDUALLY AND IN HIS CAPACITY AS ONONDAGA COUNTY ATTORNEY, DUANE OWENS, INDIVIDUALLY AND IN HIS CAPACITY AS ONONDAGA COUNTY COMMISSIONER OF PERSONNEL, AND STEVEN WILLIAMS, INDIVIDUALLY AND IN HIS CAPACITY AS INVESTIGATIVE CONSULTANT TO ONONDAGA COUNTY BOARD OF ETHICS, DEFENDANTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

966 CA 25-00216

Present: Curran, J.P., Bannister, Nowak, Delconte, And Hannah, JJ.

GARY J. LAVINE, SYRACUSE, FOR PLAINTIFF-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DONALD S. DIBENEDETTO OF COUNSEL), FOR DEFENDANT-RESPONDENT WILLIAM J. FITZPATRICK, INDIVIDUALLY AND IN HIS CAPACITY AS ONONDAGA COUNTY DISTRICT ATTORNEY.

MACKENZIE HUGHES LLP, SYRACUSE (CHRISTOPHER A. POWERS OF COUNSEL), FOR DEFENDANT-RESPONDENT DUANE OWENS, INDIVIDUALLY AND IN HIS CAPACITY AS

Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered August 30, 2024. The order granted the motions for summary judgment of defendants William J. Fitzpatrick, individually and in his capacity as Onondaga County District Attorney, Duane Owens, individually and in his capacity as Onondaga County Commissioner of Personnel, and Steven Williams, individually and in his capacity as Investigative Consultant to Onondaga County Board of Ethics, and dismissed the second amended complaint in its entirety.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this action asserting, among other things, state and federal constitutional tort claims, plaintiff appeals from an order that granted the motions of defendants William J. Fitzpatrick, individually and in his capacity as Onondaga County District Attorney, Duane Owens, individually and in his capacity as Onondaga County Commissioner of Personnel, and Steven Williams, individually and in his capacity as investigative consultant to the Onondaga County Board of Ethics, for summary judgment dismissing the second amended complaint against them, and also granted summary judgment dismissing the second amended complaint against defendants County of Onondaga (County) and Robert Durr, individually and in his capacity as Onondaga County Attorney. We affirm.

Plaintiff was appointed Deputy Chief of Police by the former Mayor of the City of Syracuse. When a new mayor was elected in 2017, plaintiff was removed as Deputy Chief and requested to be reinstated as a rank-and-file member of the Syracuse Police Department. Owens denied that request on or about December 18, 2017. In July 2019, plaintiff made a complaint to the Onondaga County Board of Ethics (BOE), alleging that Fitzpatrick had improperly influenced Owens to deny plaintiff's request for reinstatement. In January 2020, Williams, the outside counsel hired by the BOE to conduct the investigation into plaintiff's complaint, determined that plaintiff's allegations were unfounded.

Plaintiff commenced this action in January 2022, and in his second amended complaint, he asserts 12 causes of action. Following discovery, Fitzpatrick, Owens, and Williams (moving defendants) separately moved for summary judgment dismissing the second amended complaint against them. Supreme Court determined that, as a threshold issue, all causes of action are untimely and barred by the statute of limitations. The court further concluded in the alternative that the moving defendants are entitled to summary judgment on the merits, and also granted summary judgment dismissing the second amended complaint against the nonmoving defendants, i.e., the County and Durr, with prejudice.

At the outset, we note that on appeal plaintiff has not raised any challenge to the court's determination to dismiss the second amended complaint against Durr or the County, and he has therefore abandoned any such contention (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We further note that, inasmuch as plaintiff does not contend that the 7th, 8th, 9th, 10th, and 11th causes of action were timely commenced, he has thus abandoned any challenge to the dismissal of those causes of action on statute of limitations grounds (see id.), and his contention that he raised issues of fact with respect to those causes of action is academic (see generally Matter of Sportsmen's Tavern LLC v New York State Liq. Auth., 195 AD3d 1557, 1558 [4th Dept 2021]).

On appeal, plaintiff contends that his causes of action against the moving defendants arising under the New York Constitution and 42 USC § 1983 are timely. Plaintiff's state constitutional tort claims, the 1st through 6th causes of action, are subject to a three-year statute of limitations (see CPLR 214 [5]; Brown v State of New York, 250 AD2d 314, 318 [3d Dept 1998]), as is plaintiff's 12th cause of action, asserting various 42 USC § 1983 claims (see CPLR 214 [5]; BL Doe 3 v Female Academy of the Sacred Heart, 199 AD3d 1419, 1420-1421 [4th Dept 2021]). The moving defendants established that those causes of action accrued on December 18, 2017, when Owens denied plaintiff's request for reinstatement. Thus, taking into account tolling of the statute of limitations pursuant to executive orders during the COVID-19 pandemic, the statute of limitations expired on August 3, 2021—228 days after December 18, 2020 (see generally 9 NYCRR 8.202.8 et seq.; State of New York v Williams, 224 AD3d 1356, 1357 [4th Dept 2024]). Plaintiff commenced this action in January 2022, which was after the expiration of the limitations period.

Plaintiff contends that his action was timely based on the continuing wrong doctrine. We reject that contention because the continuing wrong doctrine "does not apply where . . . [the] plaintiff's allegation of damages is predicated on a single specific act" (Fang v Town of Amherst, 238 AD3d 1473, 1475 [4th Dept 2025]) and, here, the damages are predicated on a single act, i.e., Owens' denial of plaintiff's request to be reinstated. Moreover, that doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct" (Coe v Village of Waterloo, 229 AD3d 1119, 1121 [4th Dept 2024], lv denied 42 NY3d 912 [2025] [internal quotation marks omitted]), and there are no continuing unlawful acts.

To the extent that plaintiff's causes of action against Williams may have been timely filed, we conclude that, contrary to plaintiff's contention, Williams is entitled to summary judgment dismissing the second amended complaint against him. In support of his motion, Williams submitted admissible evidence establishing that he is not liable under any of the causes of action asserted against him inasmuch as he merely investigated the BOE ethics complaint, did not take any adverse action against plaintiff, and was uninvolved in the decision to terminate plaintiff which occurred some three years before Williams' involvement (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition to Williams' motion, plaintiff has not shown that he was injured by any act or omission of Williams during the course of the BOE investigation, or that the BOE investigation impacted plaintiff's termination some three years [*2]earlier. We conclude that "[t]he proof submitted by [plaintiff] in opposition to the motion consisted of unsubstantiated allegations and mere conclusions that were lacking in evidentiary support and thus insufficient to defeat summary judgment" (I.P.L. Corp. v Industrial Power & Light. Corp., 202 AD2d 1029, 1029 [4th Dept 1994]).

We have reviewed plaintiff's remaining contentions and conclude that none warrants modification or reversal of the order.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court