■ JANE DOE, an Infant, by Her Mother and Natural Guardian, JULITTE DOE, et al., Appellants, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent, et al., Defendant. [6 NYS3d 55]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered May 21, 2014, which granted defendant New York City Department of Education's (DOE) motion for summary judgment dismissing the complaint as against it with prejudice, unanimously affirmed, without costs.

It is undisputed that defendant Agosto, a substitute teacher at another school and the infant plaintiff's track coach, had unlawful sexual intercourse with the infant plaintiff at a motel after school hours. The court correctly dismissed the vicarious liability claim against DOE, because Agosto's conduct was not in furtherance of school business and was outside the scope of his employment (*see Acosta-Rodriguez v City of New York*, 77 AD3d 503, 504 [1st Dept 2010]; *see also N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]).

The court correctly dismissed the negligent supervision claim, because the misconduct occurred after school hours and off school premises (*see Stephenson v City of New York*, 19 NY3d 1031, 1034 [2012]). Further, plaintiffs failed to present evidence sufficient to raise a triable issue of fact that school authorities had specific knowledge or notice of Agosto's misconduct or that his misconduct could reasonably have been anticipated (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]). Agosto had no prior criminal record, and there were no prior complaints about him other than the plaintiff mother's alleged complaints about the end time of practices. Although there was evidence that Agosto drove the infant plaintiff and others home from school, in violation of a Chancellor regulation, this is insufficient to raise an issue of fact as to whether DOE had actual or constructive notice of sexual misconduct (*see Osvaldo D. v Rector Church Wardens & Vestrymen of Parish of Trinity Church of N.Y.*, 38 AD3d 480, 480-481 [1st Dept 2007]; *see also Brandy*, 15 NY3d at 302-303). For these reasons, the court also correctly dismissed plaintiffs' negligent hiring and retention claims (*see id.*). Concur—Tom, J.P., Renwick, DeGrasse, Manzanet-Daniels and Clark, JJ.