Samoya W. v 3940 Carpenter Ave., LLC (2020 NY Slip Op 06218)





Samoya W. v 3940 Carpenter Ave., LLC


2020 NY Slip Op 06218


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Index No. 350433/12 Appeal No. 12240 Case No. 2019-03477 

[*1]Samoya W., etc., et al., Plaintiffs-Respondents,
v
3940 Carpenter Avenue, LLC., et al., Defendants-Appellants, Oscar Perez Also Known as Jeronimo Roman Also Known as Oscar Pena Pichardo, Defendant.


Carol R. Finocchio, New York, for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosenof counsel), for respondents.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about July 8, 2019, which denied defendants Lemle & Wolff, Inc. and SG2 Management, LLC's motion for summary judgment dismissing the complaint as against them and as against 3940 Carpenter Avenue, LLC (Carpenter), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Lemle, SG2, and Carpenter.
The record presents no issues of fact as to whether Carpenter, the owner of the building in which the infant plaintiff resided when she was sexually molested by defendant Perez, the building superintendent at the time, or SG2, the former manager of the building, can be held liable for negligently hiring Perez. As of the relevant date, SG2 had been replaced as building manager and no longer employed Perez, and Carpenter never employed Perez. Carpenter hired managing agents, who employed Perez. Lemle was the managing agent on the relevant date. However, no issue of fact exists as to whether Lemle can be held liable for Perez's negligent hiring or retention because the record is devoid of evidence that Lemle had knowledge of Perez's propensity to commit a violent act (see Nouel v 325 Wadsworth Realty LLC, 112 AD3d 493, 494 [1st Dept 2013], lv denied 23 NY3d 904 [2014]). The fact that Perez was a registered sex offender does not avail plaintiffs, as, in the absence of knowledge of any facts that would cause a reasonable person to question a person's background, an employer is under no duty to inquire whether an employee has been convicted of a crime (id.). The imposition of such a duty is a matter for the Legislature. There is no evidence that, prior to the incident in question, Perez ever did anything that should have indicated to his employer that he had a propensity to commit sexual abuse or any other crimes. Further, that Perez falsified identification records that he submitted for payroll purposes is of no moment, since the paperwork on its face would not have caused a reasonable person to question its veracity. Nor can Lemle be held vicariously liable for Perez's conduct because the conduct was not in furtherance of Lemle's business and was outside the scope of Perez's employment (see e.g. Doe v New York City Dept. of Educ., 126 AD3d 612 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020