Dolgas v Wales (2023 NY Slip Op 01830)

Dolgas v Wales

2023 NY Slip Op 01830

Decided on April 6, 2023

Appellate Division, Third Department

Aarons, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 6, 2023

535688 535689 

[*1]Mark Dolgas, Appellant-Respondent,
v
Donald Wales, Defendant, and Tri-Valley Elementary School et al., Respondents-Appellants. (Action No. 1.)
Jeffrey Cloonan et al., Appellants-Respondents,
v
Donald Wales, Defendant, and Tri-Valley Elementary School et al., Respondents-Appellants. (Action No. 2.)

Calendar Date:February 22, 2023 

Before: Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Powers & Santola, LLP, Albany and Manly, Stewart and Finaldi, PC, New York City (Hugh D. Sandler of Krantz Berman LLP, New York City, of counsel), for appellants-respondents.
Whiteman Osterman & Hanna LLP, Albany (William S. Nolan of counsel), for respondents-appellants.

Aarons, J.
Cross-appeals (1) from an order of the Supreme Court (Stephan G. Schick, J.), entered June 6, 2022 in Sullivan County, which, in action No. 1, among other things, partially granted certain defendants' motion for summary judgment dismissing the amended complaint against them, (2) from an order of said court, entered June 14, 2022 in Sullivan County, which, in action No. 2, among other things, partially granted certain defendants' motion for summary judgment dismissing the complaint against them, and (3) from an order from said court, entered June 20, 2022 in Sullivan County, which, among other things, partially granted plaintiffs' motion to join actions No. 1 and No. 2 for trial.
Plaintiff Mark Dolgas commenced action No. 1 pursuant to the Child Victims Act (see CPLR 214-g) alleging that, while a student, he was sexually abused by defendant Donald Wales, a teacher who formerly worked at defendant Tri-Valley Elementary School, and asserting various causes of action in connection therewith. Plaintiffs Jeffrey Cloonan and Sean Boyle commenced action No. 2, also pursuant to the Child Victims Act, alleging similar claims to that of Dolgas. Following joinder of issue and discovery in each action, Tri-Valley Elementary School, defendants Tri-Valley Central School District and the Board of Education of the Tri-Valley Central School District (hereinafter collectively referred to as the School District) moved for summary judgment dismissing the amended complaint in action No. 1 and moved for summary judgment dismissing the complaint in action No. 2. Dolgas cross-moved for partial summary judgment on his claim of a breach of duty to report abuse under Social Services Law §§ 413 and 420. In a separate cross-motion, Cloonan and Boyle moved for similar relief. In an order entered June 6, 2022, Supreme Court granted the School District's motion in action No. 1 to the extent of dismissing all causes of action asserted against them, except for the cause of action alleging a breach of a statutory duty to report child abuse, and also granted Dolgas' cross-motion for partial summary judgment. In an order entered June 14, 2022, the court similarly dismissed all causes of action asserted against the School District in action No. 2, except for the cause of action alleging a breach of a statutory duty to report child abuse, and granted the cross-motion for partial summary judgment by Cloonan and Boyle.
Plaintiffs also moved to have action No. 1 and action No. 2 joined for trial. The School District opposed and cross-moved to sever Cloonan's claims from Boyle's claims. In an order entered June 20, 2022, Supreme Court granted plaintiffs' motion to the extent of joining Dolgas' and Boyle's claims for trial and granted the School District's cross-motion to the extent of severing Cloonan's claims from Boyle's claims. These appeals ensued.
Turning first to the negligent hiring, retention and supervision causes of action, an essential element for these claims is that the School [*2]District knew or should have known of Wales' propensity to sexually abuse children (see Taylor v Point at Saranac Lake, Inc., 135 AD3d 1147, 1149 [3d Dept 2016]; Stevens v Kellar, 112 AD3d 1206, 1209 [3d Dept 2013]). The School District tendered, among other things, Wales' employment application, his teaching certificate and positive letters of reference on his behalf. This evidence did not give notice of any propensity by Wales to sexually abuse children. Contrary to plaintiffs' assertion, the School District did not have a duty to further investigate Wales' background in view of the information submitted by him (see Samoya W. v 3940 Carpenter Ave., LLC, 187 AD3d 678, 679 [1st Dept 2020]; Boadnaraine v City of New York, 68 AD3d 1032, 1033 [2d Dept 2009]; K.I. v New York City Bd. of Educ., 256 AD2d 189, 192 [1st Dept 1998]). In any event, even if the School District had contacted the school where Wales previously worked, as plaintiffs maintain was required, the district principal and another teacher from that school each gave a positive review of Wales in their respective letters of recommendation — information submitted with Wales' employment application. It is speculative to conclude that these individuals would have disclosed anything different than what was already mentioned in their recommendation letters or any other information indicating that Wales had a propensity to commit the alleged abuse (see Travis v United Health Servs. Hosps., Inc., 23 AD3d 884, 885 [3d Dept 2005]; Honohan v Martin's Food of S. Burlington, 255 AD2d 627, 628 [3d Dept 1998]; Curtis v County of Oneida, 248 AD2d 999, 999 [4th Dept 1998]).
The School District's evidentiary proffer also included deposition testimony of teachers who worked at Tri-Valley Elementary School when Wales did. One teacher stated that Wales was outgoing and friendly, that he was a decent teacher with an excellent reputation, that he had normal interactions with students and that she had no concerns about him. Other teachers similarly had no complaints or suspicions about Wales. Another teacher and a member of the board of education both testified that the first time that they ever learned of any sexual abuse by Wales was when he was arrested for such conduct.
In response, plaintiffs point to evidence that Wales took only male students with him on personal fishing trips, that Wales had a chair by his desk on which only male students sat and that Wales was seen driving in his car only with male students. Even viewing this evidence in the light most favorable to plaintiffs, however, these instances do not, either individually or collectively, show that Wales had a propensity to sexually abuse students (see Doe v New York City Dept. of Educ., 126 AD3d 612, 612 [1st Dept 2015]; Mary KK. v Jack LL., 203 AD2d 840, 842 [3d Dept 1994]). Indeed, one teacher testified that she did not think it was odd that Wales kept a chair by his desk for students. Another teacher also stated that seeing only male students [*3]on this chair did not cause her any concern such that she felt any action about it was required. As to the fishing trips, multiple teachers stated that they had no concerns about them, with one of them even noting that they lived in a small community where many teachers interacted with students outside of school.
Plaintiffs' reliance on rumors and gossip in the community about Wales is likewise unavailing (see Ernest L. v Charlton School, 30 AD3d 649, 652 [3d Dept 2006]). The record reflects that any rumors and gossip centered on the fact that Wales took only male students on fishing trips. Critically, the topic of the rumors and gossip did not involve any instances of sexual abuse or other inappropriate behavior by Wales. That said, lacking here is "some foundation upon which the question of foreseeability of harm may be predicated, i.e., at least a minimal showing as to the existence of actual or constructive notice" (Steinborn v Himmel, 9 AD3d 531, 534 [3d Dept 2004] [internal quotations marks and citation omitted]). As such, dismissal of the negligent hiring, retention and supervision causes of action was correct (see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010]; Stevens v Kellar, 112 AD3d at 1209; Steinborn v Himmel, 9 AD3d at 534; Dia CC. v Ithaca City Sch. Dist., 304 AD2d 955, 956 [3d Dept 2003], lv denied 100 NY2d 506 [2003]).
Regarding the negligent infliction of emotional distress claim, plaintiffs were obligated to show that there was a breach of a duty owed to them which unreasonably endangered their physical safety or caused them to fear for their own physical safety (see A.M.P. v Benjamin, 201 AD3d 50, 57 [3d Dept 2021]; Kenneth S. v Berkshire Farm Ctr. & Servs. for Youth, 36 AD3d 1092, 1094 [3d Dept 2007]). According to plaintiffs, the gist of this claim is that, following the abuse by Wales, the School District pressured them to remain silent about the abuse, never told their parents about it and continued to allow Wales to have access to them. Even if plaintiffs were correct about the foregoing atmosphere created by the School District, the record still fails to show that plaintiffs' physical safety was endangered or that they feared for their own safety. Consequently, the negligent infliction of emotional distress cause of action was correctly dismissed (see Passucci v Home Depot, Inc., 67 AD3d 1470, 1471 [4th Dept 2009]; Peter T. v Children's Vil., Inc., 30 AD3d 582, 585-586 [2d Dept 2006]; Lancelotti v Howard, 155 AD2d 588, 590 [2d Dept 1989]).
Regarding plaintiffs' federal claim under 42 USC § 1983, there is no serious dispute that CPLR 214 (5), as the residual statute of limitations for personal injury actions, applies and that the section 1983 claim is governed by a three-year statute of limitations (see McFadden v Amodio, 149 AD3d 1282, 1283 [3d Dept 2017]). That said, the section 1983 claim is untimely. Notwithstanding this, the relevant question is whether CPLR 214-g revived plaintiffs' section 1983 [*4]claim. The Fourth Department answered this question in the negative, first noting that when a federal court borrows a state statute of limitations, it also generally borrows any related revival statute (see BL Doe 3 v Female Academy of the Sacred Heart, 199 AD3d 1419, 1421 [4th Dept 2021]). The Fourth Department then held that "CPLR 214-g is not a revival statute related to the residual personal injury statute of limitations applicable to plaintiff's section 1983 cause of action" (id.). Although plaintiffs maintain that the Fourth Department's holding was incorrect, we disagree.
It is true that CPLR 214-g contains broad language. The statute nonetheless limits the types of causes of action — i.e., claims involving child sexual abuse — that are revived and then given a new limitations period. Meanwhile, a claim under 42 USC § 1983 is broad in scope and encompasses a "wide spectrum of claims" (Owens v Okure, 488 US 235, 249 [1989]). Moreover, 42 USC § 1983 does not create any independent, substantive rights but merely provides a vehicle to enforce such rights (see Rosa R. v Connelly, 889 F2d 435, 440 [2d Cir 1989], cert denied 496 US 941 [1990]). As the Fourth Department reasoned, to determine whether CPLR 214-g was a related revival statute would require a court to impermissibly consider the particular facts or particular legal theory advanced by a plaintiff in a section 1983 claim (see BL Doe 3 v Female Academy of the Sacred Heart, 199 AD3d at 1422). Accordingly, we decline plaintiffs' invitation to reject the Fourth Department's approach as articulated in BL Doe 3 v Female Academy of the Sacred Heart (see id.).
Plaintiffs also contend that CPLR 214-g and CPLR 214 (5) are related because "CPLR 214-g . . . was placed within a subdivision of the same CPLR section governing residual personal injury actions." Even accepting plaintiffs' characterization of these two separate statutes, however, they are at most similar in that they both set forth a limitations period within which to commence an action. Other than this, there is no relationship between the two statutes. Because plaintiffs' arguments as to whether CPLR 214-g revived the 42 USC § 1983 claim are unavailing, Supreme Court correctly dismissed such claim as barred by the statute of limitations.[FN1] For similar reasons, plaintiffs' claim under Title IX was also correctly dismissed as time barred (see generally Curto v Edmundson, 392 F3d 502, 503-504 [2d Cir 2004], cert denied 545 US 1133 [2005]).
As to plaintiffs' cause of action alleging a breach of the statutory duty to report child abuse, certain individuals must report cases of suspected abuse when reasonable cause exists that a child coming before them is an abused child (see Social Services Law § 413). Civil liability may be imposed upon these individuals who knowingly and willfully fail to make the requisite report (see Social Services Law § 420 [2]). That said, for purposes of Social Services Law § 413, an "abused child" is one who is [*5]abused by a "parent or other person legally responsible for [a child's] care" (Family Ct Act § 1012 [e]; see Social Services Law § 412 [1]).
The School District maintains that plaintiffs' statutory claim should have been dismissed because Wales was not a "person legally responsible" for plaintiffs' care at the time of the alleged abuse. Normally, whether an individual constitutes a "person legally responsible" for a child within the meaning of Family Ct Act § 1012 (e) entails the examination of various factors (see Matter of Yolanda D., 88 NY2d 790, 796 [1996]). The Court of Appeals cautioned, however, that "persons who assume fleeting or temporary care of a child . . . or those persons who provide extended daily care of children in institutional settings, such as teachers," should not be interpreted as a "person legally responsible" for a child's care (id.). With that cautionary instruction, the School District cannot be liable for any alleged failure to report any abuse by Wales (see Hanson v Hicksville Union Free Sch. Dist., 209 AD3d 629, 631 [2d Dept 2022]). Supreme Court thus erred in denying the School District's motions to the extent that they sought dismissal of this claim and in granting plaintiffs' cross-motions for partial summary judgment. That said, in view of the fact that the School District should have been granted summary judgment dismissing the amended complaint in action No. 1 and the complaint in action No. 2 in their entirety, the cross-appeals from the June 20, 2022 order are now moot.
Egan Jr., J.P., Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order entered June 6, 2022 is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion in action No. 1 by defendants Tri-Valley Elementary School, Tri-Valley Central School District and the Board of Education of the Tri-Valley Central School District for summary judgment dismissing the cause of action pursuant to Social Services Law §§ 413 and 420 and granted plaintiff's cross-motion for partial summary judgment; plaintiff's cross-motion denied, said defendants' motion granted in its entirety and amended complaint dismissed; and, as so modified, affirmed.
ORDERED that the order entered June 14, 2022 is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion in action No. 2 by defendants Tri-Valley Elementary School, Tri-Valley Central School District and the Board of Education of the Tri-Valley Central School District for summary judgment dismissing the cause of action pursuant to Social Services Law §§ 413 and 420 and granted plaintiffs' cross-motion for partial summary judgment; cross-motion denied, said defendants' motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.
ORDERED that the cross-appeals from the order entered June 20, 2022 are dismissed, as moot, without costs.

Footnotes

Footnote 1: Of note, this conclusion is in accord with various federal decisions (see FL v Hilton Cent. Sch. Dist., 2022 WL 1665160, *3, US Dist LEXIS 93950, *5-8 [WD NY, May 25, 2022, No. 6:21-CV-06551 (FPG)]; Doe v NYS Off. of Children & Family Servs., 2021 WL 2826457, *7-8, US Dist LEXIS 125965, *16-18 [ND NY, July 7, 2021, No. 1: 20-CV-01195 (BKS/CFH)]; Boyle v North Salem Cent. Sch. Dist., 2020 WL 2319116, *3, US Dist LEXIS 82504, *6-8 [SD NY, May 11, 2020, No. 19-CV-8577 (VB)]).