Pamela O. v Auburn Enlarged City Sch. Dist. (2024 NY Slip Op 50375(U))

[*1]

Pamela O. v Auburn Enlarged City Sch. Dist.

2024 NY Slip Op 50375(U)

Decided on April 5, 2024

Supreme Court, Cayuga County

Waldorf, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 5, 2024
Supreme Court, Cayuga County

Pamela O.,[FN1] Plaintiff,

against
Auburn Enlarged City School District, AUBURN BOARD OF EDUCATION, JOHN AND JANE DOE 1-30, teachers, supervisors, employees, in their official and individual capacities, whose identities are presently unknown to Plaintiff, THOMAS CAMP, Defendants.
AUBURN ENLARGED CITY SCHOOL DISTRICT, AUBURN BOARD OF EDUCATION, JOHN AND JANE DOE 1-30, teachers, supervisors, employees, in their official and individual capacities, whose identities are presently unknown to Plaintiff, Third-Party Plaintiffs,
against
THOMAS CAMP, Third-Party Defendant.

Index No. E2019-1146

Michael G. Dowd, Esq., Law Offices of Michael G. Dowd, for Plaintiff.
Georgia Kosmakos, Esq., Sweeney, Reich & Bolz LLP, Co-Counsel for Plaintiff.
Nicole Marlow-Jones, Esq., Ferrara Fiorenza P.C., for Defendant/Third-Party Plaintiffs Auburn Enlarged City School District, City of Auburn School District Board of Education. 
David M. Fulvio, Esq., Barclay Damon, LLP, for Defendant/Third-Party Defendant Thomas Camp.

Joseph D. Waldorf, J.

Beginning in or around 1978 and continuing through her high school graduation in 1981, Pamela O.
("Plaintiff") alleges that Thomas Camp ("Camp") — then a teacher and band director at Auburn High School — sexually abused her while she was a student. Plaintiff commenced the instant revived action under the New York State Child Victims Act (CPLR 214-g) seeking damages against Camp, the Auburn Enlarged City School District and the City of Auburn School District Board of Education ("the District"). As against the District, Plaintiff alleges causes of action sounding in negligent supervision (1st Cause of Action), negligent retention (2nd Cause of Action), negligent failure to train teachers, administrators, and students related to sexual abuse (3rd Cause of Action), negligent failure to provide a safe and secure environment (4th Cause of Action), and failure to report child abuse (5th Cause of Action). Before the Court is the District's motion for summary judgment pursuant to CPLR 3212 dismissing Plaintiff's complaint. Plaintiff concedes it cannot seek punitive damages against the District but otherwise opposes the motion. For the reasons that follow, the District's motion for summary judgment is GRANTED in part and DENIED in part.
A "proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" necessitating a trial (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; CPLR 3212 [b]). Proof offered by the moving party must be in admissible form (See Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Dix v Pines Hotel, Inc., 188 AD2d 1007 [4th Dept 1992]). Once a prima facie showing has been made, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." (Alvarez, 68 NY2d at 324; see also, Mortillaro v Rochester Gen. Hosp., 94 AD3d 1497, 1499 [4th Dept 2012].)
With respect to Plaintiff's negligent supervision cause of action, "[a] school district has the duty to exercise the same degree of care and supervision over pupils under its control as a reasonably prudent parent would exercise under the same circumstances." (Lisa P. v Attica Cent. School Dist., 27 AD3d 1080, 1081 [4th Dept 2006].) And the test for whether or not that duty was breached looks to if "a parent of ordinary prudence placed in an identical situation and armed with the same information would invariably have provided greater supervision." (Murray v Research Found. of State Univ. Of NY, 283 AD2d 995, 996-97 [4th Dept 2001]). And with respect to both Plaintiff's negligent supervision cause of action and her negligent retention cause of action, to establish entitlement to judgment as a matter of law the District must offer proof in admissible form that it neither knew nor should have known of Camp's propensity to sexually [*2]abuse children (See e.g., Dolgas v Wales, 215 AD3d 51, 55 [3d Dept 2023]; Lisa P. v Attica Cent. School Dist., 27 AD3d 1080, 1081 [4th Dept 2006]). Typically, rumor, innuendo, or gossip in the community will not be enough to establish a school district's actual or constructive knowledge or notice of an employee's propensity or likelihood to engage in sexually abusive behavior of students and summary judgment in favor of the school district on such a record would be appropriate (See e.g., Doglas, 215 AD3d at 56). 
But such is not the instant record. Indeed, summary judgment would be inappropriate where there is "some foundation upon which the question of foreseeability of harm may be predicated, i.e., at least a minimal showing as to the existence of actual or constructive notice." (Steinborn v Himmel, 9 AD3d 531, 534 [3d Dept 2004]). Such is the case here. The District's own submissions raise triable issues of fact warranting denial of its motion to the extent it is directed against Plaintiff's negligent supervision and negligent retention causes of action without the necessity of considering the sufficiency of Plaintiff's opposition papers.
For instance, Plaintiff testified that a school official "walked in [the band room while she] . . . was having lunch with [Camp] at his desk sitting on his lap until they came in the door . . . A few days after that they put windows in the doors . . . to the band office." (Doc. No. 47, Plaintiff's EBT at 240:20 to 241:1). Additionally, former District Superintendent Peter Kachris testified that Assistant Principal Dixon informed him that Camp and Plaintiff "were seen together very often, and that this raised questions about whether or not [Camp's] behavior was appropriate." (Doc. No. 48, Former Superintendent Kachris EBT at 20:19-21). Former Superintendent Kachris testified "that we keep an eye on the situation . . . because [a staff member] believed that there was inappropriate behavior . . . [t]hat there was sexual harassment, sexual misconduct." (Doc. No. 48, Former Superintendent Kachris EBT at 22:20 to 23:2). Such evidence provides "some foundation upon which the question of foreseeability of harm may be predicated, i.e., at least a minimal showing as to the existence of actual or constructive notice." (Steinborn v Himmel, 9 AD3d 531, 534 [3d Dept 2004]). 
As such, the District's submissions raise an issue of fact as to its actual or constructive notice of Camp's alleged propensity or likelihood to subject Plaintiff to sexually abusive behavior (See generally e.g., Lisa P. v Attica Cent. School Dist., 27 AD3d 1080, 1081-82 [4th Dept 2006]). The instant record is not one where the school had "[k]knowledge that the employee bought pizza for students and observed them at play . . . " (Acosta-Rodriguez v City of New York, 77 AD3d 503, 504 [1st Dept 2010].) And this is not a record where the alleged abuser/teacher "took only male students with him on personal fishing trips, that [the teacher] had a chair by his desk on which only male students sat and that [the teacher] was seen driving in his car only with male students." (Doglas, 215 AD3d at 56). On the contrary, here the record evidence adduced by the District on the instant motion reveals that the rumors and gossip concerned sexually inappropriate behavior between Camp and Plaintiff. Such evidence is sufficient to raise a question of fact as to the District's actual or constructive notice of Camp's alleged propensities (Doglas, 215 AD3d at 56 ["Critically, the topic of the rumors and gossip did not involve any instances of sexual abuse or other inappropriate behavior by [the teacher]"). 
And even assuming, arguendo, the District had met its prima facie burden entitling it to judgment as a matter of law upon Plaintiff's negligent supervision and retention causes of action, on the instant record Plaintiff raised triable issues of fact in response.
The Court next turns to the District's summary judgment motion directed to Plaintiff's third cause of action alleging negligent failure to train teachers, administrators, and students [*3]related to sexual abuse. Specifically, that cause of action seeks to hold the District "liable . . . as the result of their negligent failure to establish effective training and education programs, policies and procedures . . . calculated to detect and prevent inappropriate employee behavior and conduct, and the sexual abuse of students by employees." (Doc. No. 40, Summons and Complaint at ¶ 57).
To be sure, the District established that during the time of the alleged abuse there was no statutorily recognized duty requiring school districts to provide such training.[FN2]
 Here, however, Plaintiff alleges the District breached its common law duty. And — like the negligent supervision claim — "[a] necessary element of [a negligent training] cause[] of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury." (Timothy Mc. v Beacon City Sch. Dist., 127 AD3d 826, 828 [2d Dept 2015]). On the instant record, even assuming arguendo that the District met its prima facie burden there exists questions of fact concerning what it knew or should have known concerning Camp's alleged sexually inappropriate conduct with Plaintiff (See e.g., Hicks ex rel. Nolette v Berkshire Farm Center and Services for Youth, 123 AD3d 1319, 1320-22 [3d Dept 2014]). Thus, that portion of the District's motion is likewise DENIED.
The District also moves for summary judgment dismissing Plaintiff's fourth cause of action sounding in premises liability. Specifically, the District argues that the claim is duplicative of Plaintiff's negligent supervision and negligent retention claims. Indeed, a "premises liability . . . claim[] must be dismissed as duplicative of [a] . . . negligent supervision and negligent retention claim[]." (Fay v Troy City Sch. Dist., 197 AD3d 1423, 1425 [3d Dept 2021]; see also e.g., Brophy v Big Brothers Big Sisters of America, Inc., 224 AD3d 866, 869 [2d Dept 2024] [dismissing negligence claim alleging a district's failure to provide a safe and secure environment as duplicative of plaintiff' negligent retention and supervision claims]; PB-36 v Niagara Falls City School District, 72 Misc 3d 1052 [Sup Ct, Niagara County 2021] [dismissing premises liability cause of action in CVA case where it is duplicative of the negligence causes of action]). Such is the case here. The District established that Plaintiff's premises liability cause of action is fully subsumed into her negligent supervision and retention causes of action and therefore is duplicative. And with the District having met its initial burden Plaintiff has failed to raise an issue of fact in response. Thus, the fourth cause of action sounding in premises liability is DISMISSED.
As to Plaintiff's fifth cause of action alleging that the District failed to report Camp's suspected child abuse under Social Services Law § § 413 and 420, the District has established its entitlement to judgment as a matter of law and Plaintiff has failed to raise a triable issue of fact in response (See e.g., Solly v Pioneer Cent. Sch. Dist., 221 AD3d 1447, 1448-49 [4th Dept 2023]). 
Finally, because claims as against the District have survived the Court now considers that portion of the motion for an order bifurcating the liability and damages phases of the trial pursuant to CPLR 603 and 22 NYCRR § 202.42. Plaintiff opposes bifurcation. For the reasons that follow, that portion of the District's motion for bifurcation is GRANTED but it is[*4]ORDERED that the damages phase of the trial will be conducted immediately following the liability phase and shall proceed before the same empaneled jury.
Under CPLR 603, the Court may order severance of claims or separate issues "[i]n the furtherance of convenience or to avoid prejudice." Additionally, 22 NYCRR § 202.42 (a) encourages judges to bifurcate trials on issues of liability and damages in personal injury actions if it decides that this will clarify or simplify the issues and lead to a fair and expeditious disposition of the action. Whether to grant bifurcation is a decision left to this Court's discretion (See e.g., Pittsford Canalside Properties, LLC v Pittsford Village Green, 154 AD3d 1303, 1305 [4th Dept 2017]). Bifurcation may be appropriate where the nature and extent of claimed injuries does not have "an important bearing on the question of liability . . . " (Louise B.G. v New York City Bd. of Educ., 143 AD2d 728, 729 [2d Dept 1988]). Such is the case here.
As such, in the exercise of the Court's discretion the Court agrees that bifurcation will assist the factfinder in clarifying what liability — if any — attaches to the various parties. In the further exercise of the Court's discretion, and mindful of judicial economies achieved thereby, the damages phase of this bifurcated trial shall commence immediately following the liability phase (if so found) and will proceed before the same empaneled jury.
Accordingly, it is hereby
ORDERED and ADJUDGED, that the District's motion for summary judgment pursuant to CPLR 3212 is GRANTED in part insofar as Plaintiff's fourth cause of action (negligent failure to provide a safe and secure environment) and fifth cause of action (failure to report child abuse) are DISMISSED, and it is further
ORDERED and ADJUDGED, that to the extent Plaintiff claims punitive damages as against the District said claims are DISMISSED, and it is further
ORDERED, that the District's motion for summary judgment as to Plaintiff's remaining causes of action is DENIED, and it is further
ORDERED, that the District's motion for bifurcation pursuant to CPLR 603 is GRANTED but the damages phase of the trial will be conducted immediately following the liability phase (if so found) and shall proceed before the same empaneled jury.
Any arguments or prayers for relief advanced by the parties but not specifically addressed herein are DENIED.
This constitutes the Decision, Order, and Judgment of the Court.
Dated: April 5, 2024
Rochester, New York
Honorable Joseph D. Waldorf
Supreme Court Justice

Footnotes

Footnote 1:Redacted for purposes of publication (See New York Law Reports Style Manual § 12.4 [a] [3] and § 12.4 [f] [2022], 
https://www.nycourts.gov/reporter/style-manual/2022/2022-SM.htm).

Footnote 2:As observed by the District, such training was only required of district employees in 2018 and for students in 2019 (See NY Education Law § 1132 [2]; NY Education Law § 803-B).