Kastel v Patchogue-Medford Union Free Sch. Dist. (2025 NY Slip Op 00210)

Kastel v Patchogue-Medford Union Free Sch. Dist.

2025 NY Slip Op 00210

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2024-02796
 (Index No. 612490/20)

[*1]Steven Kastel, appellant, 
v
Patchogue-Medford Union Free School District, et al., respondents, et al., defendant.

Certain & Zilberg, PLLC, New York, NY (K. Douglas Herring of counsel), for appellant.
McGivney, Kluger, Clark & Intoccia, P.C., New York, NY (Gary J. Intoccia of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Part CVA-R) (Leonard D. Steinman, J.), dated January 10, 2024. The order, insofar as appealed from, granted those branches of the motion of the defendants Patchogue-Medford Union Free School District and Medford Elementary School which were for summary judgment dismissing the causes of action alleging negligence and negligent supervision and retention insofar as asserted against the defendant Patchogue-Medford Union Free School District.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Patchogue-Medford Union Free School District and Medford Elementary School which were for summary judgment dismissing the causes of action alleging negligence and negligent supervision and retention insofar as asserted against the defendant Patchogue-Medford Union Free School District are denied.
In September 2020, the plaintiff commenced this action against the defendants Patchogue-Medford Union Free School District (hereinafter the school district) and Medford Elementary School (hereinafter together with the school district, the defendants), among others, pursuant to the Child Victims Act (see CPLR 214-g), inter alia, to recover damages for negligence. According to the plaintiff, between 1999 and 2002, he was repeatedly sexually abused by a teacher's aide while he was an elementary school student within the school district. In the complaint, the plaintiff alleged, among other things, that the defendants should have known of the abuse and that they negligently failed to prevent it.
In April 2023, the defendants moved, inter alia, for summary judgment dismissing the causes of action alleging negligence and negligent supervision and retention insofar as asserted against the school district, arguing that the school district lacked actual or constructive notice of either the sexual abuse that the teacher's aide allegedly perpetrated or her purported propensity to engage in such abuse. The plaintiff opposed the motion. By order dated January 10, 2024, the Supreme Court granted those branches of the defendants' motion. The plaintiff appeals.
"Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent . . . retention[ ] and supervision of the employee" (Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635 [citations and internal quotation marks omitted]; see Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161). "To establish a cause of action based on . . . negligent retention[ ] or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury and that there exists a connection between the defendant's negligence . . . and the plaintiff's injuries" (Sayegh v City of Yonkers, 228 AD3d 690, 691 [citations and internal quotation marks omitted]). "The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the . . . retention[ ] or supervision of the employee" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 846-847 [alteration and internal quotation marks omitted]).
Moreover, "[a] school owes a duty to adequately supervise the students in its care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Fain v Berry, 228 AD3d 626, 627 [internal quotation marks omitted]). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (Sayegh v City of Yonkers, 228 AD3d at 691 [internal quotation marks omitted]). "The standard for determining whether a school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d 722, 723). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Sayegh v City of Yonkers, 228 AD3d at 691 [alteration and internal quotation marks omitted]). As a result, "[a]ctual or constructive notice to the school of prior similar conduct generally is required" (Burdo v Cold Spring Harbor Cent. Sch. Dist., 219 AD3d 1481, 1482 [internal quotation marks omitted]). "Nonetheless, the adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847 [alteration and internal quotation marks omitted]). Further, "[a]lthough a school [generally] cannot be held liable for injuries that occur off school property and beyond the orbit of its authority, the school's duty continues and is breached if the student is released without further supervision into a foreseeably hazardous setting it had a hand in creating" (C.M. v West Babylon Union Free Sch. Dist., 231 AD3d 809, 812 [citation and internal quotation marks omitted]).
Here, contrary to the Supreme Court's determination, the defendants failed to establish, prima facie, that the school district was entitled to judgment as a matter of law dismissing the causes of action alleging negligence and negligent supervision and retention insofar as asserted against it (see id.; J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d at 724). In support of their motion, the defendants submitted, among other things, transcripts of the deposition testimony of the plaintiff and that of his third grade teacher, who served as the direct supervisor of the teacher's aide. The plaintiff testified that the teacher's aide singled him out for attention in the classroom and hugged him in the hallways (see Fain v Berry, 228 AD3d at 628). While such conduct, without more, might not have been enough to warrant denial of the defendants' motion, the plaintiff also testified that, upon dismissal from school, the teacher's aide frequently walked him to her car in the presence of other staff members and then drove him to her home, where the alleged sexual abuse primarily occurred. The third grade teacher also testified that it was "[in]appropriate" for teachers and other school district employees to drive students in their personal vehicles or take students to their homes, conduct which the teacher also believed violated school policies (see J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d at 724).
Therefore, the defendants' own submissions failed to eliminate triable issues of fact [*2]as to whether the school district "had notice of the potential for harm to the . . . plaintiff such that its alleged negligence in supervising and retaining [the teacher's aide] placed [her] in a position to cause foreseeable harm" (Johansmeyer v New York City Dept. of Educ., 165 AD3d at 636 [internal quotation marks omitted]; see J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d at 724; cf. Dolgas v Wales, 215 AD3d 51, 55-56). Since the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging negligence and negligent supervision and retention insofar as asserted against the school district.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court